UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ALLISON REUTLINGER,                                            MEMORANDUM AND ORDER

           Plaintiff,                                                  CV 15-2942

      -against-                                                      (Wexler, J.)

FINANCIAL RECOVERY SERVICES, INC.,

           Defendant.
----------------------------------------------------------X
APPEARANCES:

BARSHAY SANDERS, PLLC
By: David M. Barshay, Esq.
100 Garden City Plaza, Fifth Floor
Garden City, NY 11530
Attorneys for Plaintiff

MOSS & BARNETT
By: Michael T. Edmund, Esq.
150 South Fifth Street, Suite 1200
Minneapolis, MN 55402-4129
Attorneys for Defendant

WEXLER, District Judge:

      Plaintiff brings this complaint alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA"). Defendant moves to dismiss pursuant to Federal Rules of Civil Procedure ("Fed.R.Civ.Proc."), Rule 12(b)(6), claiming that Plaintiff's complaint fails to state a claim. For the reasons that follow, Defendant's motion is granted in part, and denied in part.

## BACKGROUND

      Plaintiff's claims involve a notice sent by Defendant to Plaintiff regarding a debt owed. Plaintiff claims the notice violates the FDCPA, and in her first amended complaint ("FAC"),

alleges four claims. In her First and Second claims, Plaintiff alleges Defendant's notice violates 15 U.S.C. §§ 1692g(a)(2) and 1692e in how it names the creditor to whom the debt is owed. Plaintiff's Third and Fourth claims allege that 15 U.S.C. § 1692g(a)(1) and 1692e(2)(A) was violated because the notice fails to adequately convey the amount of the debt, or provides a false or misleading representation about the amount of the debt.

The language at issue is contained in the notice sent to Plaintiff, attached to the complaint as Exhibit ("Ex.") 1. It states:

> CURRENT CREDITOR: Time Investment Company, Inc.
> ORIGINAL CREDITOR: Time Investment Company, Inc.
> REGARDING: Time Investment Company, Inc.
>
> \* \* \*
>
> **BALANCE ITEMIZATION**
> PRINCIPAL BALANCE: $4300.28
> INTEREST BALANCE: $259.05
> BALANCE DUE: $4559.33

The text of the notice states that:

PLEASE BE ADVISED THAT Time Investment Company, Inc. THE CURRENT CREDITOR-DEBT PURCHASER HAS PURCHASED THE ACCOUNT REFERENCED ABOVE.

See FAC, Ex. 1, at 1.

## DISCUSSION

I. <u>Standard on Motion to Dismiss</u>

In considering a motion to dismiss made pursuant to Rule 12(b)(6), the court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of Plaintiff. <u>Lundy v. Catholic Health System of Long Island Inc.</u>, 711 F.3d 106, 113 (2d Cir. 2013) (citations omitted); see <u>Ruston v. Town Bd. for Town of Skaneateles</u>, 610 F.3d 55, 58-59 (2d

Cir. 2010). The plaintiff must plead enough facts "to state a claim for relief that is plausible on its face." BellAtlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A "formulaic recitation of the elements of cause of action will not do," and "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombley, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. Reciting bare legal conclusions is insufficient, and "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, at 679.

II. Plaintiff's Claims

As noted by the Second Circuit, the FDCPA was enacted to "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir. 2005) (quoting 15 U.S.C. § 1692(e)).

Plaintiff's claims allege that Defendant has violated 15 U.S.C. §§ 1692e and 1692g.

15 U.S.C. § 1692e, entitled "False or misleading representations," states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.
>
> [T]he following conduct is a violation of this section:
>
> (2) The false representation of –
>   (A) the character, amount, or legal status of any debt;

See 15 U.S.C. § 1692e.

15 U.S.C. § 1692g is entitled "Validation of debts" and under "(a) Notice of debts; contents," states that within five days of an initial communication, the debt collector shall:

> send the consumer a written notice containing--
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;

See 15 U.S.C. § 1692g.

### A. Claims Under 15 U.S.C. §§ 1692g and 1692e Concerning Name of Creditor

The FDCPA aims to "protect the most vulnerable population of debtors from abusive and misleading practices." Greco, 412 F.3d at 363 (citations omitted). A debt collection notice is violative "if it fails to convey the validation information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights." Savino v. Computer Credit, Inc., 164 F.3d 81, 85 (2d Cir. 1998) (citing Russell v. Equifax, 74 F.3d 30, 35 (2d Cir. 1996)).

To determine whether § 1692g has been violated, the court applies "an objective standard, measured by how the 'least sophisticated consumer' would interpret the notice." Id., (quoting Russell, 74 F.3d at 35). It discards any "unreasonable misinterpretations." Jacobson v. Healthcare Fin. Serv., No. 04-CV-3268, 2006 U.S. Dist. LEXIS 36361, at *7 (E.D.N.Y. June 6, 2006). The standard reaches only reasonable interpretations by the hypothetical "least sophisticated consumer"; it does not "extend to every bizarre or idiosyncratic interpretation by a debtor of a creditor's notice." Rumpler v. Phillips & Cohen Associates, Ltd., 219 F.Supp.2d 251, 256 (E.D.N.Y. 2002) (citations omitted) (applying the "least sophisticated consumer" standard to claims under § 1692e).

The gravamen of Plaintiff's first two claims in this action are that the notice is confusing

-4-

as to the name of the creditor. She alleges that Defendant violated 15 U.S.C. §§ 1692e and 1692g by providing too much information, by repeatedly listing "Time Investment Company, Inc." as the "CURRENT CREDITOR," the "ORIGINAL CREDITOR" and in "REGARDING." Plaintiff even goes so far as to allege that "[h]ad Defendant provided no further information concerning the name of the creditor to whom the debt is owed, Plaintiff [or the least sophisticated consumer] would understand that 'Time Investment Company, Inc.' is the name of the creditor to whom the debt is owed." FAC, ¶¶ 26, 27.

It is clear to the Court that there can be no doubt that the creditor here is Time Investment Company, Inc. This is the only name ever listed, and is repeatedly listed as the creditor to whom the debt is owed. That the same name of this same entity is repeated at least four times on the notice only provides additional clarity that this is the entity to whom the debt is owed. It is certainly not deceptive or misleading, and the Court finds that even the "least sophisticated consumer" would understand that this debt was owed to Time Investment Company, Inc. Defendant's motion to dismiss Plaintiff's First and Second claims is granted.

B. <u>Claims Under 15 U.S.C. §§ 1692g and 1692e Concerning Amount of Debt</u>

Plaintiff's Third and Fourth claims assert that Defendant has violated §§ 1692e and 1692g(a)(1) in connection with the "amount of debt" on the notice, specifically claiming it fails to state whether the debt is continuing to accrue interest, to identify the date as of which the unpaid interest was calculated, or to state whether the interest continues to accrue, and if so, the applicable rate of interest. FAC, ¶¶ 76-84; 99-102; Plaintiff's Memorandum in Opposition ("Pl. Mem. in Opp."), at 12.

The issue of whether detailed interest information was required by § 1692g(a)(1) has been

the subject of differing opinions within this district and others, but was recently answered by the Second Circuit, which found that debt collectors must disclose that the balance due may increase due to interest and fees. See Avila v. Riexinger & Associates, LLC, 817 F.3d 72, 76 (2d Cir. 2016). Noting the FDCPA to be a "consumer protection statute" and applying the "least sophisticated consumer" standard, the Court held "that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees." Id. This achieves and promotes the "full and fair disclosure to consumers" as intended by Congress. Id.[1]

Now that this point is clear, the Court finds that Plaintiff's Third and Fourth claims sufficiently state that Defendant has failed to adequately provide the interest information required by the FDCPA. Defendant's motion to dismiss these claims is therefore denied.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is granted as to Plaintiff's First and Second Claims, and denied as to Plaintiff's Third and Fourth Claims. Counsel are directed to Magistrate Judge Steven I. Locke to complete discovery on the remaining claims.

SO ORDERED.

/s/ *illegible signature*
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
May 3/ 2016

---

[1] The Court also adopted the "safe harbor" approach of the Seventh Circuit in Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C., 214 F.3d 872 (7th Cir. 2000), which fashioned language for a debt collector to use to satisfy this duty. See Avila, 817 F.3d at 76-77.